AMY, J.,
dissenting.
I respectfully dissent from the majority as I find that the trial court’s and the State’s actions are supported by the record. The majority recognizes that the factual background is unusual in this case. In my opinion, this unusual factual background has caused confusion regarding initial custody of the child and, in turn, who has had custody of the child during the pendency of this matter. My view is that it has also caused confusion throughout these proceedings as to who are the parties to the matter. In short, the grandparents are not parties in this case, although they have been represented and have made certain appearances herein.
As noted by the majority, the record contains a January 2004 “consent judgment” that resulted from a petition for custody, filed in another proceeding, by G.O.’s father. In that document, G.O.’s parents seemingly agreed that they, along with G.R. and S.B., would share “joint custody” over the child and that G.R. would “be named as the domicile [sic] parent.” Although this consent judgment does not seemingly comply with the detailed procedures set forth by La.Ch.Code art. 1510, el seq., or those anticipated for the authorization of provisional custody by mandate anticipated by La.R.S. 9:951, et seq., I do not consider the legality of that document. However, given its exceptional characteristics, I do not assume that this document provided the grandparents with *789 joint legal custody over this child, certainly not as of the time that this matter was instituted in 2007. Such an assumption as to the custodians of this child blurs the line as to the identity of the parties. The petition seeking an adjudication of G.O. as a child in the need of care lists the parents, not the grandparents.
Instead, my review of the proceedings indicates that both the State and the trial court properly recognized that this was a case in which the State pursued and obtained custody from the parents. Although the child resided with the grandparents and was ultimately placed there with consent of the State, I believe that this was never a recognition as to the joint legal custodianship with the grandparents. Instead, as early as the July 31, 2007 hearing, at which the 72 Hour Instanter Order was considered, the minutes indicate that “the parties stipulated to continued custody with the State of Louisiana and that the child [would] be placed with the paternal step-grandparents [.]” (Emphasis added.)
This distinction prevents me joining in the majority opinion. In light of its recognition of S.B. as a legal custodian, the majority finds that there is no basis for the “child in need of care” determination pursuant to La.Ch.Code art. 606. Notwithstanding the dictates of Article 606, La.Ch. Code art. 647 permits a stipulation as to whether a child is in need of care with or without admitting the allegations of the petition. Here, the court minutes reflect that, ultimately, “all parties stipulated that the child is in need of care without admitting the allegations of the petition.”
Furthermore, I do not read the minutes as indicating that this is a case where the court divided the legal and physical custody of the child as prohibited by La.Ch. Code art. 672. Rather, the minutes indicate that the court did, in fact, place the child in the custody of the State pursuant to Article 672(A). It did not place the child in the custody of a particular placement setting as is prohibited by Paragraph A nor did it divide legal custody and physical custody as is prohibited by Paragraph B. Custody, at all times, remained with the State. The parties merely approved of the “placement” with the “paternal step-grandparentsf.]” I see no court intervention in this placement as is prohibited by Paragraph B and find no prohibition within the Article for the State to be able to exercise its “sole authority over the placement” with this type of agreement. See La.Ch.Code art. 672(A).
For these reasons, I do not find error in the issuance of the Instanter Order. I respectfully dissent from the majority in this regard. It follows, that a decision on the merits is warranted. Accordingly, I dissent.